UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| MARIAH L. DOWNOUR | : | |
| 419 E. CLIFF STREET | : | |
| BALTIMORE, OH 43105 | : | CASE NO.: 2:17-cv-640 |
| | : | |
| PLAINTIFF, | : | JUDGE _____ |
| | : | |
| v. | : | |
| | : | |
| WILD GINGER ASIAN BISTRO | : | PLAINTIFF'S COMPLAINT |
| AKA WILD GINGER | : | |
| AKA BUCKEYE FUSION LLC | : | (Jury Demand Endorsed Hereon) |
| C/O XUE GONG CHEN, STATUTORY | : | |
| AGENT | : | |
| 1440 BOSWALL DR. | : | |
| WORTHINGTON, OH 43805 | : | |
| | : | |
| AND | : | |
| | : | |
| TJ ANTHONY WELLMAN, | : | |
| INDIVIDUALLY | : | |
| 8330 BRUNSFIELD RD. | : | |
| COLUMBUS, OH 43235 | : | |
| | : | |
| AND | : | |
| | : | |
| XUE GONG CHEN, INDIVIDUALLY | : | |
| 1140 BOSWALL DR. | : | |
| WORTHINGTON, OH 43085 | : | |
| | : | |
| AND | : | |
| | : | |
| NEW WILD GINGER, INC. | : | |
| C/O YUN LIN, STATUTORY AGENT | : | |
| 1130 N. MEMORIAL DRIVE | : | |
| LANCASTER, OH 43130 | : | |
| | : | |
| AND | : | |

| | |
|---|---|
| YUN LIN, INDIVIDUALLY | : |
| 1130 N. MEMORIAL DRIVE | : |
| LANCASTER, OH 43130 | : |
| | : |
| DEFENDANT. | |

Now comes the Plaintiff, Mariah L. Downour (hereinafter "Plaintiff") by and through counsel, and for her Complaint against Defendant Wild Ginger Asian Bistro aka Wild Ginger aka Buckeye Fusion LLC (hereinafter "Wild Ginger Asian Bistro"), Defendant TJ Anthony Wellman, Defendant Xue Gong Chen, Defendant New Wild Ginger, Inc., and Defendant Yun Lin, (hereinafter, collectively, "Defendants"), states the following:

1. Plaintiff brings this lawsuit as a result of Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. as well as the statutes and common law of the State of Ohio.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants' principal place of business is 1130 N. Memorial Drive, Lancaster, OH 43130, Fairfield County, Ohio and is within this Court's jurisdiction, and because the events or omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction.

5. At all times relevant, Mariah L. Downour was a citizen of the United States and a resident of Fairfield County, Ohio.

6. Defendant Wild Ginger Asian Bistro is a Registered Trade Name with its principal place of business in Fairfield County, Ohio. According to records maintained by the Ohio Secretary of State, Wild Ginger Asian Bistro's registrant is Buckeye Fusion LLC, an Ohio Domestic Limited Liability Company with its principal place of business in Fairfield County, Ohio.  Buckeye Fusion LLC also registered a Fictitious Name, Wild Ginger, with its principal place of business in Fairfield County, Ohio. According to records maintained by the Ohio Secretary of State, Buckeye Fusion LLC's statutory agent for service of process is Xue Gong Chen, 1130 N Memorial Drive, Lancaster, OH 43130.

7. Defendant New Wild Ginger, Inc. is an Ohio Corporation for Profit with its principal place of business in Fairfield County, Ohio.  According to records maintained by the Ohio Secretary of State, Defendant New Wild Ginger, Inc.'s statutory agent for service of process is Yun Lin, 1130 N. Memorial Drive, Lancaster, Ohio 43130.

8. Defendants' restaurant is a fusion of Chinese, Thai, and Japanese food (Exhibit A, Lancaster Eagle Gazette Article). The restaurant is engaged in selling and serving to purchasers prepared food and beverages for consumption on or off the premises. (See Exhibit A, Lancaster Eagle Gazette Article).

9. At all relevant times, Defendant TJ Anthony Wellman exercised daily operational control over the business under Wild Ginger Asian Bistro including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

10. At all relevant times, Defendant Xue Gong Chen exercised daily operational control over the business under Wild Ginger Asian Bistro including decisions over the hiring and firing of

employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

11. At all relevant times Defendant Wild Ginger Asian Bistro was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d), and O.R.C. §§ 4111.01.

12. Defendant TJ Anthony Wellman was an employer pursuant to 29 U.S.C. § 230(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Wild Ginger Asian Bistro, "in relation to employees," including Plaintiff. Defendant TJ Anthony Wellman had operational control over significant aspects of Wild Ginger Asian Bistro's day-to-day functions, including compensation of employees.

13. Defendant Xue Gong Chen was an employer pursuant to 29 U.S.C. § 230(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Wild Ginger Asian Bistro, "in relation to employees," including Plaintiff. Defendant Xue Gong Chen had operational control over significant aspects of Wild Ginger Asian Bistro's day-to-day functions, including compensation of employees.

14. At all relevant times, Defendant Yun Lin exercised daily operational control over the business under New Wild Ginger, Inc. including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

15. At all relevant times, Defendant New Wild Ginger, Inc. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d), and O.R.C. §§ 4111.01.

16. Defendant Yun Lin was an employer pursuant to 29 U.S.C. § 230(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," New Wild Ginger, Inc., "in relation to employees," including Plaintiff. Defendant Yun Lin had operational control

over significant aspects of New Wild Ginger, Inc.'s day-to-day functions, including compensation of employees.

17. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), O.R.C. §§4111.01 et. seq., and Art. II, Sec. 34a, Ohio Constitution.

18. Upon information and belief, Defendants had annual sales in excess of $500,000.00.

19. Upon information and belief, at all times relevant, Defendant TJ Anthony Wellman is a resident of the State of Ohio.

20. Upon information and belief, at all times relevant, Defendant Xue Gong Chen is a resident of the State of Ohio.

21. Upon information and belief, at all times relevant, Defendant Yun Lin is a resident of the State of Ohio.

22. Plaintiff began her employment with Wild Ginger Asian Bistro on or about March 11, 2016.

23. Wild Ginger Asian Bistro hired Plaintiff as a server. At the time of hiring, Plaintiff's job duties composed of serving and running food.

24. Wild Ginger Asian Bistro hired Plaintiff as a manager on or about March 11, 2016. In Plaintiff's capacity as a manager, Plaintiff's job duties composed of implementing the new Code of Conduct, conducting inventory, conducting all scheduling, serving, hosting, running food, and bartending for the restaurant.

25. Upon information and belief, Defendant TJ Anthony Wellman and Defendant Xue Gong Chen co-owned and operated Wild Ginger Asian Bistro.

26. Upon information and belief, Defendant Wild Ginger Asian Bistro, Defendant TJ Anthony Wellman and Defendant Xue Gong Chen sold the restaurant to Defendant Yun Lin and

Defendant New Wild Ginger, Inc. who continued with operation of the restaurant as normal and assumed all liabilities of the restaurant.

27. From the beginning of her employment until present day, Plaintiff's hourly wage when working as a server was $8.00 per hour.

28. From the beginning of her employment until present day. Plaintiff's hourly wage when working as a manager was, on average, $8.00-$8.10 per hour.

29. Plaintiff consistently worked more than 40 hours per week for Defendants, occasionally in excess of 60 hours a week.

30. Defendants refused to pay overtime to Plaintiff at a rate of 1.5 times the regular rate for each hour worked over 40 in a single workweek, contrary to the FLSA, 29 U.S.C. § 207 and Ohio Minimum Fair Wage Standards Act "OMFWSA", O.R.C. § 4111.03.

31. Defendants failed to keep accurate records of all hours worked as required under Federal and Ohio law, 29 U.S.C. §211(c); Art. II, Sec. 34a, Ohio Constitution.

32. The above payroll practices resulted in overtime wage violations of FLSA, 29 U.S.C. §§201 et seq.; and O.R.C. Chapter 4111.

## COUNT ONE
### (FLSA OVERTIME VIOLATIONS)

33. Plaintiff incorporates by reference the forgoing allegations as if fully rewritten.

34. The FLSA requires that a "non-exempt" employee receive overtime compensation of "not less than one and one-half times" the employee's "regular rate" of pay. 29 U.S.C. § 207(a)(1).

35. Plaintiff should have been paid overtime wages at a rate of one and one half times (1.5x) her normal hourly rate for all hours worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a)(1).

6

36. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff overtime wages as required by federal law.

37. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which she is entitled to judgment.

38. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's rights and entitle Plaintiff to liquidated and/or punitive damages.

## COUNT TWO
### (Ohio Overtime Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten.

40. Defendants are employers covered by the overtime requirements set forth in the O.R.C. §4111.01, et. seq.

41. As an employee for Defendants, Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but was not paid overtime wages in the amount of one and one half (1.5x) her hourly rate of pay for this time spent working, as required by the O.R.C. § 4111.03.

42. Throughout Plaintiff's employment, Defendants knew that they were required to pay Plaintiff for all hours worked. Defendants have also known that they were required to pay overtime wages at the rate of one and one half (1.5x) Plaintiff's hourly rate of pay. In spite of such knowledge, Defendants have willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff is entitled.

43. Pursuant to the OMFWSA, Plaintiff is entitled to unpaid overtime wages. O.R.C. § 4111.10

44. The OMFWSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. O.R.C. § 4111.08. Plaintiff is entitled to review her records of hours worked to determine the exact amount of overtime owed by Defendants. Absent Defendants properly keeping these records as required by law, Plaintiff is entitled to submit her information about the number of hours worked.

45. Pursuant to the OMFWSA, Plaintiff is entitled to relief, including unpaid wages and overtime wages, attorneys' fees, and costs incurred. O.R.C. 4111.10.

## COUNT THREE
### (Ohio Breach of Contract Claim)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten.

47. Plaintiff was to be paid by an agreed specific amount of compensation.

48. Plaintiff was to be paid in accordance with State and Federal requirements, including the payment of all overtime hours pursuant to State and Federal law.

49. Plaintiff worked for Defendants on the basis that she would be paid for all hours worked and in accordance with the requirements of state and federal law, including, but not limited to, the payment of overtime wages, and the prompt payment of all wages.

50. Defendants accepted the benefits of Plaintiff under this contract, and then did not pay Plaintiff the compensation to which she was entitled.

51. As a direct result of Defendants' conduct, Defendants breached the terms of Plaintiff's contract, and Plaintiff has suffered damages.

## COUNT FOUR
### (Ohio Prompt Pay Act Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten.

53.     O.R.C. § 4113.15 requires Defendants to pay their employees all wages due within the time specified under Ohio law.

54.     Defendants knowingly and improperly failed to pay their employees all wages due within the time specified under Ohio law.

55.     Defendants knowingly and improperly failed to pay Plaintiff all wages due during each pay period in which she worked.

56.     Defendants' failure to pay Plaintiff all wages due constitutes a violation of O.R.C. § 4113.15.

57.     Pursuant to O.R.C. § 4113.15, Plaintiff is entitled to relief, including unpaid wages and an amount equal to six percent (6%) of the unpaid wages.

## COUNT FIVE
### (Unjust Enrichment)

58.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten.

59.     Defendants have been unjustly enriched at the expense of the Plaintiff.

60.     Plaintiff has fully performed work that ultimately benefitted Defendants.

61.     Defendants have retained the benefit of Plaintiff's services without compensating her as promised.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.      Enter judgment against Defendants and in favor of Plaintiff;

B.      Award Plaintiff actual damages for back overtime pay, punitive damages, liquidated damages, compensatory damages, and statutory interest in an amount in excess of $25,000.00;

C.      Award Plaintiff pre- and post-judgment interest at the statutory rate;

9

    D.       Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

    E.       Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

\_\_\_\_/s/ Daniel J. Fruth_____
Daniel J. Fruth (0075309)
Charles M. Elsea (0085582)
Stebelton Snider, LPA
P.O. Box 130, 109 N. Broad St., Ste 200
Lancaster, Ohio 43130-0130
Tel: (740) 654-4141; Fax: (740) 654-2521
djf@stebelton.com
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

\_\_\_/s/Daniel J. Fruth_____
Daniel J. Fruth (0075309)