IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARIAH L. DOWNOUR,** | |
| Plaintiff, | Case No. 2:17-cv-640 |
| v. | Judge Graham |
| **WILD GINGER ASIAN BISTRO, et al.,** | Magistrate Judge Deavers |
| Defendants. | |

## ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement. (Doc. 15). The Court **GRANTS** the Joint Motion.

**I. Factual Background**

In this FLSA action, Mariah Downour sued Defendants, Wild Ginger Asian Bistro, TJ Anthony Wellman, Xue Gong Chen, New Wild Ginger, Inc., and Yun Lin (collectively "Defendants") for, among other things, violations of the Fair Labor Standards Act of 1938 (the "FLSA"). 29 U.S.C. § 201, et seq. Downour alleges that Defendants violated the FLSA by failing to pay her minimum wage and failing to pay her overtime compensation for the hours she worked over forty each workweek. After reaching a settlement, the parties jointly move the Court to approve it.

The Court doesn't know much about the merits of the case. Defendants have agreed to pay $7,500 to Downour and her counsel: $5,000 to Downour and $2,500 to her counsel. It appears from the docket that the parties have conducted little discovery, and it's not clear how much Downour thinks she's owed. Neither the parties' Settlement Agreement, (Doc. 15-1), nor the parties Joint Motion, (Doc. 15), give the Court much clarity on the facts that led to this settlement. Plaintiff served interrogatories and requests for document production on Defendants, but it's not clear what the result of that discovery was. (Notice of Service, Doc. 9). With this information, the Court must decide whether to approve the settlement or not.

**II. Discussion**

One of the purposes of the FLSA is to "protect[] workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are mandatory, which means they can't be waived, bargained away or modified, *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704–08 (1945), except when the Secretary of Labor supervises the FLSA claims, 29 U.S.C. § 216(c), or when a federal district court approves a settlement, *see* 29 U.S.C. § 216(b).

This case falls under the second exception: district court approval of a settlement. When reviewing an FLSA settlement, "the federal district court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Sharier v. Top of the Viaduct, LLC*, No. 5:16-CV-343, 2017 WL 961029, at *2 (N.D. Ohio Mar. 13, 2017) (quoting *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (alteration in original)). Instead of negotiating around the FLSA's requirements, there must exist a bona fide dispute between the parties. *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13CV2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014).

The court must also "scrutinize[e] the settlement for fairness." *Lynn's*, 679 F.2d at 1353. This fairness inquiry often leads courts to consider a number of relevant factors. Some courts borrow from fairness inquiries of class-action settlements. *See, e.g.*, *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (analyzing FLSA settlement) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) (analyzing Rule 23 class-action settlement)). Other courts pare down the list of factors to those relevant to an FLSA collective action: "the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement." *Schneider*, 2014 WL 2579637, at *2 (citing *Crawford*, 2008 WL 4724499, at *3). "In summary, district courts must evaluate FLSA settlements for fairness, and must not simply rubber-stamp them as approved." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

Here, there's not a lot on which the Court can evaluate this settlement for fairness. But, that's because the parties have spent little in legal fees and conducted little discovery. But it appears that the parties did have a bona fide FLSA dispute that they resolved through a reasonable settlement. *See Lynn's*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."). The parties have completed little discovery. Downour, her counsel, and Defendants all agreed to the settlement and think that it's reasonable and fair to compensate Downour for her claims. The parties recognize the uncertainty of litigation; if she litigates her claims, Downour might not recover anything. Considering the time, expense, and uncertainty avoided by settling, the settlement appears reasonable and fair.

Downour's attorneys are receiving a fee of about $2,500. They don't submit affidavits or time logs, so the Court can't calculate a reasonable fee using the lodestar approach. But the Court can look at the attorney's fees as a percentage of the total settlement payment to assess the reasonableness of the fee. *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) (analyzing class-action settlement); *Vigna v. Emery Fed. Credit Union*, No. 1:15-CV-51, 2016 WL 7034237, at *4 (S.D. Ohio Dec. 2, 2016) (analyzing FLSA settlement applying *Rawlings*). One advantage of the percentage method is "it encourages early settlement, which avoids protracted litigation." *Rawlings*, 9 F.3d at 516. One-third of the total settlement payment is $2,500, which is a reasonable amount; it's typical of contingency agreements and besides, fees would only balloon with further litigation.

To summarize, the Court finds that this settlement is the result of an arms-length negotiation over a bona fide FLSA dispute. The settlement is fair, and the parties do not appear to be merely bargaining around the requirements of the FLSA.

### III. Conclusion

The parties' Joint Motion for Approval of Settlement is **GRANTED**. (Doc. 15). The parties' settlement agreement is **APPROVED**. It is further ordered that this case is **DISMISSED WITH PREJUDICE**. The clerk is directed to close the case.

IT IS SO ORDERED.

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: April 30, 2018